**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:11CR390 and |
| | ) | CASE NO. 8:12CR15 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | TENTATIVE FINDINGS |
| GEORGE HENRY, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR"), the government's objections (Filing No. 88), and the Defendant's objections (Filing No. 87). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 47, 53, 54, 60-71, 87, 119, 120, and 133. The objections to ¶¶ 47, 53, 54, 87, 119, 120, and 133 are denied because, according to the Addendum, they were not raised initially before the Probation Officer as required under ¶ 6 of the Order on Sentencing Schedule. Additionally, the Court notes that many of those objections do not affect the sentencing guideline range. It appears that the objections to ¶¶ 60-71 were raised.[1]

The government objects to the cross-reference from U.S.S.G. § 2B1.1 to U.S.S.G. § 2K2.1, arguing: the application is contrary to the nonbinding guideline calculations in the

---

[1]The Addendum to the PSR reflects objections to ¶¶ 59-72 in the initial draft of the PSR. The Court does not receive the initial drafts of PSRs and therefore cannot compare the reports.

plea agreement in 8:12CR15; application of the cross-reference overstates the seriousness of the offense; and the cross-reference was not applied to the other three codefendants.

The parties agreed on a guideline application in 8:11CR390 in the plea agreement, but not in the plea agreement in 8:12CR15. It appears the parties' remaining objections are similar. The cases of the three codefendants are assigned to U.S. District Judge Joseph F. Bataillon, and therefore this Court is not familiar with their cases. The Court will withhold tentative findings with respect to the PSR, and the remaining issues remaining the correct guideline application will be heard at sentencing.

IT IS ORDERED:

1. The government's objections to the PSR (Filing No. 88) will be heard at sentencing;

2. The Defendant's objections (Filing No. 87) to ¶¶ 60-71 of the PSR will be heard at sentencing;

3. The Defendant's objections (Filing No. 87) to ¶¶ 47, 53, 54, 87, 119, 120, and 133 are denied;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this day of , 20.

BY THE COURT:

S/ Laurie Smith Camp
Chief United States District Judge